UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
JENNY L. SWIES,

    Plaintiff,

vs.

NEW YORK STATE DEPARTMENT
OF TRANSPORTATION,

    Defendant.
------------------------------------------------x

08 CIV. 3567

**COMPLAINT**

JUDGE ROBINSON

08 CIV. 3567

By and through her counsel, Michael H. Sussman, plaintiff hereby alleges as and for her complaint:

## I. PARTIES

1. Plaintiff, Jenny L. Swies, is a female of legal age who resides within this judicial district.

2. Defendant, New York State Department of Transportation, is an agency of the government of the State of New York which may sue and be sued in this judicial district.

## II. JURISDICTION

3. On or about April 20, 2007, plaintiff filed a verified complaint with the New York State Division of Human Rights and

the Equal Employment Opportunity Commission [Federal Charge No. 16GA702687] charging defendant with an unlawful discriminatory practice on account of her sex/gender in violation of Title VII of the Civil Rights law of 1964, as amended.

4. On or about February 15, 2008, plaintiff received a notice of dismissal advising her that the EEOC had adopted the findings of the New York State Division of Human Rights and of her right to commence suit against defendant within ninety days in this Court.

5. As plaintiff has timely filed this Complaint, this Honorable Court has jurisdiction pursuant to 42 U.S.C. sec. 2000e-5, et seq. and 42 U.S.C. sec. 1988.

### III. **FACTUAL ALLEGATIONS**

6. On or about August 28, 2006, defendant employed plaintiff in the temporary/seasonal position of Highway Maintenance Trainee 1 at the Sullivan [County] Residency.

7. On the same date, defendant employed two males, Piselli and Latimer, in the same position at the same location.

8. One of defendant's mandatory requirements for the trainee position was the incumbent's ready availability when called in for snow duty.

9. Of the three newly hired trainees, plaintiff proved the most consistently available for snow duty.

10. At the time she commenced working for defendant as a trainee, plaintiff held a CDL Class A license.

11. Shortly after she commenced working for defendant as a trainee, on September 7, 2006, plaintiff was certified to operate a Heavy Dump truck and a front end loader.

12. While employed as a trainee, plaintiff satisfactorily completed all job-related duties.

13. While employed as a trainee, Latimer was frequently unavailable to cover snow duty and had a spotty attendance record.

14. By the end of the snow season in 2006-07, Latimer had been unavailable to work 62.5 hours when called for snow and ice removal duties.

15. After being hired as a trainee, plaintiff sought the position of permanent Highway Maintenance Worker.

16. Through its agent, defendant failed to select plaintiff as a permanent Highway Maintenance Worker.

17. Instead, in November 2006, defendant appointed Latimer as a permanent Highway Maintenance Worker and, in January 2007, it so appointed Piselli

18. On both occasions, through Bob Richter, a transportation maintenance engineer I, defendant chose to offer the male trainee over plaintiff for the permanent position.

19. When plaintiff asked Richter, the selecting official, why he had not offered her the later promotion [as opposed to the person who received the offer], he stated, "You mean Vinnie Piselli?" When plaintiff responded in the affirmative, Mr. Richter stated, "Well, look at you, Jenny, and look at Vinnie. He's bigger and stronger than you and we can use him in other areas."

20. In fact, at the time Richter made this statement, Piselli had advised fellow employees that he had a bad back and a

compensation case for one of his knees.

21. As a temporary employee, plaintiff ceased working for defendant in early April 2007.

22. No non-discriminatory reasons supported the appointment to permanent positions of Piselli or Latimer rather than plaintiff.

23. The hiring of both males was motivated by gender discrimination, no neutral, non-discriminatory reason.

24. The discrimination about which plaintiff complains caused her actual economic loss, as well as humiliation, emotional distress and anxiety.

25. Despite effort, plaintiff has been unable to find comparable employment during the more than one year since she was denied equal opportunity by defendant.

### IV. **CAUSE OF ACTION**

26. Plaintiff incorporates paras. 1-25 as if fully re-stated herein.

27. By discriminating against her on the basis of her gender

in the filling of the permanent positions as set forth above, defendant violated Title VII of the Civil Rights Act of 1964, as amended.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction of this matter;

b) empanel a jury to hear and decide this matter;

c) award plaintiff compensatory damages with pre- and post-judgment interest for economic *and* non-economic loss;

d) order defendant to offer plaintiff the next available permanent position of Highway Maintenance Worker with a retroactive start date to January 2007 or, in the alternative, award plaintiff front pay, an equitable remedy;

e) order defendant to pay plaintiff's reasonably incurred attorneys' fees and costs pursuant to 42 U.S.C. sec. 1988, and

f) enter any other relief warranted by law and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Counsel for Plaintiff

April 1, 2008