UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNY L. SWIES,                                  :     **ANSWER**
                                                 :
                                                 :     08-CV-3567
                      Plaintiff,                 :       (SCR)
          -against-                              :
                                                 :       (ECF)
NEW YORK STATE DEPARTMENT OF                     :
TRANSPORTATION,                                  :
                                                 :
                      Defendant.                 :
------------------------------------------------------------X

Defendant New York State Department of Transportation ("DOT"), by its attorney ANDREW M. CUOMO, Attorney General of the State of New York, as and for its answer to the complaint, respectfully avers as follows:

## AS TO THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint, except admits that plaintiff self-identifies as a female and purports to proceed as set forth therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, except admits that DOT is an agency of the State of New York, and admits that venue in the Southern District of New York is appropriate.

## AS TO JURISDICTION

3. Denies the allegations contained in paragraph 3 of the complaint, except admits plaintiff filed a complaint alleging sex discrimination in employment against defendant with the New York State Division of Human Rights ("SDHR") in April, 2007, which was assigned

1

Federal Charge Number 16GA702687 and sent to the U.S. Equal Employment Opportunity Commission ("EEOC") for dual filing.

  4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the complaint, except admits that the EEOC issued a letter of Dismissal and Notice of Rights, dated February 12, 2008, referencing EEOC Charge No. 16G-2007-02687, and respectfully refers the Court to the letter of Dismissal and Notice of Rights for a complete and accurate statement of its contents.

  5. Denies the allegations contained in paragraph 5 of the complaint, except admits that plaintiff purports to proceed on the jurisdictional bases set forth therein.

## AS TO THE FACTUAL ALLEGATIONS

  6. Denies the allegations contained in paragraph 6 of the complaint, except admits that, effective August 28, 2006, plaintiff was appointed to the position of Highway Maintenance Worker Trainee 2, Temporary Status, in DOT's Sullivan County Residency.

  7. Denies the allegation contained in paragraph 7 of the complaint, except admits that, effective August 28, 2006, Vincent Piselli and William Latimer were appointed to the position of Highway Maintenance Worker Trainee 2, Temporary Status, in DOT's Sullivan County Residency.

  8. Denies the allegations contained in paragraph 8 of the complaint.

  9. Denies the allegations contained in paragraph 9 of the complaint.

  10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, except admits that at the time plaintiff was appointed to the position of Highway Maintenance Worker Trainee 2, Temporary Status, she

purported to have a CDL Class A license.

11.     Denies the allegations contained in paragraph 11 of the complaint, except admits plaintiff completed a Heavy Dump Truck Certification on September 7, 2006 and a Front End Loader Certification on January 25, 2007.

12.     Denies the allegations contained in paragraph 12 of the complaint.

13.     Denies the allegations contained in paragraph 13 of the complaint.

14.     Denies the allegations contained in paragraph 14 of the complaint.

15.     Denies the allegations contained in paragraph 15 of the complaint, except admits that after plaintiff was appointed to the position of Highway Maintenance Worker Trainee 2, Temporary Status, she requested appointment as a Highway Maintenance Worker Trainee 2, Permanent Status.

16.     Denies the allegations contained in paragraph 16 of the complaint, except admits that plaintiff was not appointed to the position of Highway Maintenance Worker Trainee 2, Permanent Status.

17.     Denies the allegations contained in paragraph 17 of the complaint, except admits that William Latimer was appointed to the position of Highway Maintenance Worker Trainee 2, Contingent Permanent Status, on November 16, 2006 and admits that Vincent Piselli was appointed to the position of Highway Maintenance Worker Trainee 2, Contingent Permanent Status, on January, 10 2007, and to the position of Highway Maintenance Worker Trainee 2, Permanent Status, on May 17, 2007.

18.     Denies the allegations contained in paragraph 18 of the complaint, except admits that Bob Richter is a Transportation Maintenance Engineer 1.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint, except denies knowledge and information sufficient to form a belief as to the allegations regarding the purported comments made by Vincent Piselli to "fellow employees."

21. Denies the allegations contained in paragraph 21 of the complaint, except admits that plaintiff's appointment to the position of Highway Maintenance Worker Trainee 2, Temporary Status, expired on April 5, 2007.

22. Denies the allegations contained in paragraph 22 of the complaint.

23. Denies the allegations contained in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

## AS TO THE CAUSE OF ACTION

26. In response to the allegations contained in paragraph 26 of the complaint, defendant repeats and reasserts the averments contained in paragraphs 1 through 25 of this answer, with the same force and effect as if fully set forth herein.

27. Denies the allegations contained in paragraph 27 of the complaint.

## AS TO THE PRAYER FOR RELIEF

28. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over some or all of plaintiff's claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All employment decisions made by DOT with respect to plaintiff were made for legitimate, non-discriminatory reasons.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's request for damages is barred to the extent she has failed to mitigate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged in the Complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks punitive damages, she is not entitled to such relief.

WHEREFORE, Defendant demands judgment dismissing the complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 15, 2008

ANDREW M. CUOMO
Attorney General of the
  State of New York
Attorney for Defendant
By:
     /s/

Carolyn Goodwin
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6287
Carolyn.Goodwin@oag.state.ny.us